**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL TRACY MCLAUGHLIN,

Petitioner-Appellant,

v.

ADAM PAUL LAXALT, Attorney General of the State of Nevada; BRIAN E. WILLIAMS, Warden,

Respondents-Appellees.

No. 15-15847

D.C. No.
2:11-cv-00884-JCM-VCF

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted October 20, 2016
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and COLLINS,** Chief District Judge.

Petitioner Michael Tracy McLaughlin appeals from the district court's denial

of his 28 U.S.C. § 2254 petition.  Although the district court denied relief on all of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Raner C. Collins, Chief United States District Judge for the District of Arizona, sitting by designation.

Petitioner's claims, it granted a certificate of appealability on the issue whether Petitioner's trial counsel rendered ineffective assistance by failing to investigate and present a voluntary intoxication defense during Petitioner's trial. We "review de novo the district court's denial of [a] petition for a writ of habeas corpus and review its factual findings for clear error." Smith v. Ryan, 823 F.3d 1270, 1278–79 (9th Cir. 2016).

The Supreme Court of Nevada rejected Petitioner's claim of ineffective assistance of trial counsel ("IAC") on the merits. Petitioner now presents an "improved" version of that claim, containing new evidence uncovered by his federal habeas lawyer. The Supreme Court of Nevada rejected the new version as successive and untimely, but the claim may still be reviewed by a federal court under the exception to procedural default recognized in Martinez v. Ryan, 132 S. Ct. 1309, 1315–16 (2012).

To fit within the Martinez exception, an improved claim must have been "fundamentally alter[ed]" by new evidence so that it is, in effect, a new claim. Dickens v. Ryan, 740 F.3d 1302, 1318 (9th Cir. 2014) (en banc). Furthermore, Petitioner must show that "[(1)] [state habeas] counsel's performance [in presenting the original claim] was deficient, . . . [(2)] there was a reasonable probability that, absent the deficient performance, the result of the post-conviction

proceedings would have been different," and (3) that the underlying ineffective assistance of trial counsel claim is substantial in the sense that it has "some merit." Clabourne v. Ryan, 745 F.3d 362, 377 (9th Cir. 2014), overruled on other grounds by McKinney v. Ryan, 813 F.3d 798 (9th Cir. 2015) (en banc), cert. denied, 2016 WL 1258977 (U.S. Oct. 3, 2016) (No. 15-1222).

The new evidence here consists of sworn declarations from Petitioner's mother, Petitioner's half-brother, and an investigator who worked for Petitioner's federal habeas lawyer. The investigator's declarations contain statements from two witnesses interviewed by the investigator. Respondents do not challenge, solely for purposes of the Martinez analysis, the truth of the factual allegations contained in the declarations, nor did they introduce contradictory evidence. Rather, Respondents argue, as they did at the district court, that the new evidence, even if true, does not establish cause and prejudice under Martinez. Accordingly, in determining whether Petitioner's improved claim fits within the Martinez exception to procedural default, we will assume the new evidence to be true.

Making that assumption, Petitioner has established cause and prejudice under Martinez. The new evidence bears on both the strength of the voluntary intoxication defense and Petitioner's trial lawyer's deficient performance to such an extent that it "fundamentally alters" the claim. The claim itself is substantial.

3

Petitioner's state habeas counsel failed to conduct any independent investigation of the claim despite possessing a medical record that cried out for further investigation. In doing so, he provided constitutionally deficient representation. Stankewitz v. Wong, 698 F.3d 1163, 1171–72 (9th Cir. 2012).

On the prejudice prong, the new evidence is "sufficient to undermine confidence in the outcome" of the state habeas proceedings. Strickland v. Washington, 466 U.S. 668, 694 (1984). First, much of the new evidence clearly could have had an effect on the state habeas court's resolution of the prejudice prong of the underlying IAC claim. For instance, had Petitioner's state habeas counsel known of the new evidence, he could have shown that trial counsel was able to establish Petitioner's level of intoxication at trial without putting Petitioner on the stand, thus making a voluntary intoxication defense more viable. Second, the new evidence could have affected the state habeas court's resolution of the deficient performance prong of the underlying IAC claim. The new evidence strengthens the case that Petitioner's trial counsel unreasonably failed to investigate a voluntary intoxication defense. See Strickland, 466 U.S. at 690–91 ("[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.").

Petitioner's new claim fits within the exception to procedural default recognized in Martinez, so he is entitled to de novo review of that claim in federal court. Dickens, 740 F.3d at 1321. But that review must take place at the district court, because issues of fact remain. Respondents have consistently objected to the introduction of the new evidence for any purpose other than the Martinez analysis. That is, Respondents have preserved the right to challenge the new evidence insofar as Petitioner seeks to use it to support his IAC claim on the merits.

"A district court conducting federal habeas review should not ordinarily attempt to resolve contested issues of fact based on affidavits alone unless there is other evidence in the record dispositive of the issue or unless the state court has made the relevant factual findings." Buffalo v. Sunn, 854 F.2d 1158, 1165 (9th Cir. 1988). For that reason—and for the additional reason that some of the new evidence is currently in the form of hearsay—the district court may choose to conduct an evidentiary hearing. The appropriateness of holding such a hearing is not governed by 28 U.S.C. § 2254(e)(2), for two independent reasons. First, Petitioner did attempt to "develop the factual basis" of the improved claim, id., by presenting the new evidence to the state courts. Second, although a state habeas lawyer's errors normally are imputed to a habeas petitioner for purposes of determining whether the petitioner has been diligent under § 2254(e)(2), Williams

5

v. Taylor, 529 U.S. 420, 432 (2000), such imputation makes no sense in the context of a claim rescued from procedural default by Martinez.  See Detrich v. Ryan, 740 F.3d 1237, 1247 (9th Cir. 2013) (en banc) (opinion of Fletcher, J.) ("Indeed, even with respect to the underlying trial-counsel IAC 'claim,' given that the reason for the hearing is the alleged ineffectiveness of both trial and PCR counsel, it makes little sense to apply § 2254(e)(2).").

**VACATED and REMANDED.**  The parties shall bear their own costs on appeal.